Mastin’, J.
delivered the opinion of the court. This man caused himself to be brought before the district court, by a writ of habeas corpus. By the return of the jailor, it appeared he was committed on an execution from that court, and admitted to the bounds of the prison, having given bond and security according to law. The sheriff and jailor made oath, that the plaintiffs, in the execution, had not paid in advance, or otherwise, the sum required by the act of Feb. 7* *570 whereupon he was discharged and the plaintiffs, in the execution, appealed.
It is contended, that no appeal lies from a discharge on a writ of habeas corpus ; as the proceedings thereon are of the most summary kind, and cannot be suspended or delayed by an appeal. They may be, and often are had, at chambers before a judge, and an appeal is said to lie only from the judgment of a court.
Secondly, that the prisoner was rightly dis charged.
I. It appears to us, that the writ of habeas cor - pus wTas improperly resorted to. The appellee was under no physical restraint, and there was no necessity to recur to a court or judge, to cause any moral restraint to cease. The sheriff did not detain him, since he had admitted him to the benefit of the bounds : the doors of the jail were not closed on him, and if he was detained, it wras not by the sheriff or jailor. If his was a moral restraint, it could not be an illegal one.
The object of the appellee was, therefore, not to obtain the removal of an illegal restraint from a judge, but the declaration of the court, that the plaintiffs in the execution had, by their neglect, lost the right of detaining him. A judgment declaring such a neglect, and pronouncing on the *571 consequences of it, was what the appellee had in view. The correct and ordinary means of obtaining it, v/as by bringing the plaintiffs in the execution into court, in order to have the neglect complained of contradictorily pronounced therein. If this mode had been pursued, the decision of the district court would certainly have been liable to be examined in this court. Is it less so, because the same decision has been obtained, without giving to the plaintiffs in the execution the opportunity of being heard? We think not.
IT. It is contended, that on the failure of the plaintiffs to make the advance, the appellee was ipso facto discharged, and the jailor had no longer the right of detaining him. As he had given security, and been admitted to the bounds, the jailor could not legally detain him, before the neglect. If he was ipso facto discharged, from the obligation of remaining within the bounds, he needed no habeas corpus. He was at liberty to go wherever he pleased. From his applying to the court, we are to infer, that he believed his discharge by the court necessary. Before the court could discharge him, it was bound to inquire into the correctness of the fact alledged, and to determine the legal consequences of it. The party, whose rights were to be affected by *572 the decision of the court, had a right to hear the allegation and proof, and to be heard m disproving it; and in shewing that the consequences of it were not those on which the adverse party insisted. The court erred in proceeding ex parte;
jDuncan for the appellant, Livingston for the appellee.
It is therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and re» versed, at the costs of the appellee.-